# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN P. NEBLETT, as Chapter 7 | : | No.  4:15-cv-01622 |
| Trustee of VALLEY FORGE | : | |
| COMPOSITE TECHNOLOGIES, | : | (Judge Brann) |
| INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CLAIRMONT PACIELLO & CO., | : | |
| P.C., MOUNTJOY CHILTON | : | |
| MEDLEY LLP, MICHAEL DE | : | |
| LEON HAWTHORNE and | : | |
| THOMPSON COBURN LLP, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

## October 5, 2016

## I.    BACKGROUND

In late 2013, Valley Forge Composite Technologies, Inc., filed for

bankruptcy in the United States Bankruptcy Court for the Middle District of

Pennsylvania.[1] On September 21, 2015, this Court withdrew the reference to the bankruptcy court pursuant to 28 U.S.C. § 157(d).[2]

That same day, pursuant to 28 U.S.C. § 1404(a), the Court transferred to the United States District Court for the Eastern District of Kentucky only those claims alleged against the defendants who exhibited the most apparent ties to the state of Kentucky.[3] No other defendants moved for such a transfer of venue and accordingly, no other transfer was granted.

On June 8, 2016, this Court denied motions to dismiss filed by each of the remaining defendants, reasoning primarily that, at this juncture, there lacked sufficient grounds in the record to apply certain affirmative or equitable defenses asserted by the defendants, chiefly that of in pari delicto.

In turn, an initial case management conference was set for August 2, 2016. That conference was later postponed upon Defendant Mountjoy Chilton Medley, LLP, giving notice to the Court that it intended to file the instant motion to transfer venue to the Eastern District of Kentucky.

---

[1]   See 4:13-bk-05253, ECF No. 1.

[2]   4:15-cv-01622, ECF No. 12.

[3]   4:15-cv-01629, ECF No. 16.

In somewhat unexpected fashion, the parties' views on the propriety of Mountjoy's motion run the gamut, to say the least. Co-defendant Clairmont Paciello & Co., P.C., vigorously opposes the proposed transfer. The Plaintiff is willing to accept a transfer in full but opposes transferring certain defendants and retaining others, though he also contends that the motion is late as a practical matter. Co-defendants Michael De Leone Hawthorne and Thompson Coburn, LLP, neither join in nor oppose the motion, but instead have filed a brief that enumerates certain factors that they believe the Court should consider.

Having considered all of the relevant variables, the motion to transfer venue will be denied. It is evident that the variety of factors that bear upon this determination do not clearly weigh in the direction of any one particular forum. In my view, this suggests that the Plaintiff's initial choice of forum should endure. Moreover, practically speaking, the motion was filed comparatively late, given that the Court and the parties have thus far taken substantial steps to move the matter toward resolution. Accordingly, a transfer at this juncture would seem to do more to frustrate judicial resources and condone forum shopping than to promote efficiency.

## II.   LAW

The federal change of venue statute, 28 U.S.C. § 1404(a), provides in pertinent part that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "While there is no definitive formula or list of the factors to consider, courts have considered many variants of the private and public interests protected by the language of § 1404(a)."[4]

"The private interests have included: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)."[5]

---

[4]   <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873, 879 (3d Cir. 1995) (Becker, C.J.).

[5]   <u>Id.</u>

- 4 -

"The public interests have included: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases."[6]

"The party moving for transfer not only has the burden of going forward, but also the burden of persuasion."[7] "Therefore, the plaintiff's choice of forum will prevail, unless the party moving for the transfer can convince the court otherwise. The moving party must thus prove that its alternative forum is not only adequate, but more convenient than the present forum."[8]

"The district court has broad discretion to transfer an action, but transfers should not be liberally granted."[9] Importantly, § 1404(a) "should not create or

---

[6]  Id. at 879–80.

[7]  Job Haines Home for the Aged v. Young, 936 F. Supp. 223, 227 (D.N.J. 1996).

[8]  Id.

[9]  Superior Precast, Inc. v. Safeco Ins. Co. of Am., 71 F. Supp. 2d 438, 445 (E.D. Pa. 1999).

multiply opportunities for forum shopping."[10] As such, when evaluating a

party's request to leave the forum, the district court's determination must be

guided by "considerations of convenience and the interest of justice."[11]

## III.   ANALYSIS

> **A.   Because the factors set forth by the United States Court of Appeals for the Third Circuit in <u>Jumara v. State Farm Insurance Company</u> do not clearly establish the appropriateness of a transfer, Plaintiff's choice of forum will endure.**

When a district court pencils through § 1404(a)'s calculus, Plaintiff's choice

of forum deserves "significant weight."[12] Thus, courts have remarked that in

ruling on a motion to transfer filed by a defendant, "the plaintiff's choice of

venue should not be lightly disturbed."[13] As the Third Circuit has stated, "It is

black letter law that a plaintiff's choice of a proper forum is a <u>paramount</u>

<u>consideration</u> in any determination of a transfer request."[14]

---

[10]   <u>Ferens v. John Deere Co.</u>, 494 U.S. 516, 523 (1990).

[11]   <u>Id.</u>

[12]   <u>Young</u>, 936 F. Supp. at 227.

[13]   <u>Jumara</u>, 55 F.3d at 879.

[14]   <u>Shutte v. Armco Steel Corp.</u>, 431 F.2d 22, 25 (3d Cir. 1970) (emphasis added).

Plaintiff here remarks that he is amenable to a transfer if and only if the matter can be transferred as to all remaining defendants, so that the potential for inconsistent outcomes is minimized. If a complete transfer cannot be secured, Plaintiff has requested that this Court retain the matter. The defendants do not vociferously oppose the merits of a unified determination. I agree that, absent a complete transfer, the matter should remain with this Court, and in that sense, my determination affords Plaintiff's initial forum choice significant deference.

The next factor applicable to my determination is that of the convenience of the parties and the witnesses. Mountjoy fails to establish that the convenience of all defendants would be furthered by transferring the matter to Kentucky. Specifically, one co-defendant, Clairmont Paciello, has filed objections indicating precisely the opposite: that it prefers to litigate in Pennsylvania.[15] Needless to say, the Court considers it troubling from the outset that only one of the four remaining defendants has expressly sought a transfer of venue.

Digging deeper into the factual circumstances applicable to each defendant, however, reveals that Mountjoy's proposed transfer would not clearly

---

[15]  See ECF No. 57.

enhance the convenience of the parties. Geographically speaking, Clairmont explains that its sole place of business is King of Prussia, Pennsylvania and that its employees having never traveled to Kentucky except for the purpose of rendering accounting services to Valley Forge during its operational years.[16] Along those same lines, Thompson Coburn explains that its principal place of business is located in St. Louis Missouri and that Michael de Leon Hawthorne, Esquire, is a partner who works primarily out of the firm's Washington, D.C. office.[17] None of those considerations compel a transfer. If anything, they counsel against relocation of the matter to Kentucky.

Though Mountjoy does explain that its principal place of business is located in Covington, Kentucky, I must agree that Clairmont's argument as to the defendants' relative sizes and abilities to engage in regional litigation rebuts that consideration. Clairmont, a local firm with 12 professionals, points out that, in sharp contrast, Mountjoy brands itself as a "regional accounting firm with nearly 300 professionals," a descriptor, which if true, Clairmont suggests, better enables Mountjoy to shoulder any hardships associated with a purportedly inconvenient

---

[16]   Id. at 7.

[17]   ECF No. 56 at 2.

forum. Though not otherwise an explicit factor for judicial consideration, I think it apparent that the relative burdens of co-defendants who differ as to the wisdom of a transfer should be taken into consideration, particularly where disparities in resources exists or where certain defendants may be more accustomed to regional litigation than others.

Moreover, Mountjoy fails to identify specific witnesses or pieces of evidence that would be unavailable or unable to be produced in this jurisdiction, "unavailable" in the technical meaning of those terms under the Federal Rules of Evidence. As the Honorable Robert D. Mariani, writing for this Court, recently affirmed, "Mere assertions of inconvenience or hardship are insufficient to justify transfer."[18]

To be realistic, such factors as the availability of witnesses and evidence, although perhaps significant in 1995, the year in which Jumara was penned, are simply no longer as critical to lawyers or judges who must distinguish among venues that do not exhibit vast geographic or procedural differences. Specifically, I have no doubt that electronic discovery, video-conferenced depositions, and

---

[18] E. Roofing Sys., Inc. v. Simon Prop. Grp., Inc., No. 3:14-CV-00717, 2015 WL 679220, at *3 (M.D. Pa. Feb. 17, 2015).

other electronic tools or agreed-upon scheduling arrangements will enable the parties here obtain the requisite documents, depose the critical witnesses, and follow through with the appropriate dispositive motions practice.

Although the Court endeavors to make litigation of any matter as convenient as possible for all involved counsel, as Mountjoy itself admits, "At best, each forum offers its own disadvantages with respect to the convenience and availability of witnesses."[19] In light of that dilemma, my preference is to keep the matter as it is, respecting Plaintiff's initial decision to file in the district embracing its base of operations at the time it declared bankruptcy, rather than break the litigation into pieces or make an abrupt switch in venue at this stage.

Such is also an appropriate determination in light of the risk of inconsistent determinations. In my view, the greatest risk for incongruous determinations among similarly-situated litigants would result if this Court were to retain Plaintiff's claims as to certain defendants and transfer the remainder to Kentucky. Such a decision could also quite plainly result in related claims being disposed of in asynchronous fashion.

---

[19]   ECF No. 59 at 11.

Moreover, there is an important factual distinction between the defendants who remain before this Court and those who were previously transferred to the Eastern District of Kentucky. The defendants in the previously transferred matter are alleged to bear some direct responsibility for the underlying fraud. Not so here. The remaining defendants before this Court face allegations essentially amounting to professional negligence, based upon their derivative business relationships with Valley Forge (and their implied commitment to its shareholders). Both set of defendants, therefore, originated in separate adversary proceedings. I raise this distinction to suggest that the marginal gains in efficiency of a transfer to the Eastern District of Kentucky would likely be negligible, that court still having to inquire into two distinct sets of factual and legal circumstances.

**B.    Granting the motion would enable forum shopping and would likely risk delay rather than promote judicial efficiency.**

Section 1404(a) "should not create or multiply opportunities for forum shopping."[20] Mountjoy's delay in submitting its motion to transfer until after its motion to dismiss was denied or its not having filed those motions together

---

[20]  Ferens v. John Deere Co., 494 U.S. 516, 523 (1990).

raises a suspicion of forum shopping in the Court's view. As Plaintiff's response indicates, shortly after the cases were withdrawn from the bankruptcy court, counsel for Plaintiff contacted counsel for all defendants.[21] According to counsel for Plaintiff, counsel for defendants stated that they did not wish to transfer venue at that time, but might reconsider the request at a future date.[22] A few days after the motions to dismiss were disposed of, counsel for Plaintiff reports that counsel for Mountjoy sent its office an email stating, "It seems time to revisit the issue of change of venue."[23]

The Court recognizes that several considerations go into the determination as to whether filing a motion for change of venue is appropriate, and in fact, dismissal or retention of certain parties may even affect that determination. Nevertheless, the primary thrust of Mountjoy's present motion is the inconvenience it faces litigating in the Pennsylvania forum, an inconvenience that, if evident now, was equally as evident when this matter commenced.

---

[21]   ECF No. 58 at 2 ¶ 3.

[22]   Id.

[23]   Id. ¶ 4.

Moreover, this Court is confident that the matter would be promptly attended to in any federal forum. That being said, the progress of the litigation thus far is such that the Court and the parties have become intimately familiar with the applicable legal doctrines, and the Court has even shared with the parties by way of its motion to dismiss memorandum a number of issues whose determination it considers central to resolving the underlying litigation.

As the United States District Court for the Southern District of Texas recently explained, although delays in filing a § 1404(a) motion will not always be relevant to the district court's determination, "where a transfer of venue would cause yet another delay in protracted litigation," such risk of delay may rightly be considered.[24] Although the factual narratives of the two cases do admittedly share a common thread, given the progress that has already been made in this matter, transfer would undoubtedly result in some delay, while the proposed transferee court took time to evaluate the matter's posture and chart a

---

[24] Watson v. Fieldwood Energy Offshore, LLC, No. 3:15-CV-036, 2016 WL 374494, at *5 (S.D. Tex. Feb. 1, 2016). See also Am. Standard, Inc. v. Bendix Corp., 487 F. Supp. 254, 261 (W.D. Mo. 1980) (providing that although "the passage of time or delay alone is not a sufficient reason to deny a transfer," "if the passage of time or delay would unduly prejudice the opposing party or parties, or the filing of the motion for transfer is a dilatory tactic, a district court may deny the motion for transfer").

course toward resolution. As of now, however, this Court is prepared to proceed to the initial case management conference.

*     *     *

A final, but critical, note: No party should interpret this Court's disposition of the instant motion to transfer venue or the previously filed motions to dismiss as indicating—in any manner—my views on the merits of the underlying claims. To do so would be a mistake. Rather, the intent of my rulings is to establish a litigation timeline that enables the just and expedient disposition of this matter, an objective that Federal Rule of Civil Procedure 1 requires of all federal courts.

## IV.   CONCLUSION

In accordance with the foregoing reasoning, Mountjoy's Motion to Change Venue pursuant to 28 U.S.C. § 1404(a), ECF No. 51, is denied.

An appropriate Order memorializing my conclusion and setting a new

date for the initial case management conference shall issue.


BY THE COURT:


/s Matthew W. Brann
Matthew W. Brann
United States District Judge